# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2014

Lyle W. Cayce
Clerk

No. 14-10302
Summary Calendar

GLORIA CARTER,

Plaintiff-Appellant

v.

ODIS E. CARTER; NONYE JUDE MENES; MARK RUSSELL ROBINIUS; DAVID ANTHONY LOPEZ,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-2939

Before JOLLY, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gloria Carter appeals the district court's dismissal of her pro se 42 U.S.C. § 1983 civil rights complaint in which she alleged that the defendants conspired against her in connection with her divorce case. In particular, Carter contends that David Anthony Lopez, a judge presiding over her divorce proceeding, engaged in conduct that amounted to fraud, conspiracy,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

corruption, and various other vague allegations of criminal activity. The district court determined that Carter had failed to plead sufficient facts to state a claim for relief that is plausible on its face. Relying on *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), and *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005), the district court found that Judge Lopez was entitled to absolute judicial immunity and dismissed the complaint.

We review a district court's grant of a motion to dismiss de novo. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, Carter's arguments regarding the sole issue on appeal, the motion to dismiss based on judicial immunity, are minimal and entirely conclusory, without any citation to the record or any applicable law. Carter simply does not address the district court's reasons or analysis beyond reasserting and rearguing the same allegations of fraud, conspiracy, and corruption that she raised in the district court.

This court will not raise and discuss legal issues that an appellant has failed to assert. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (emphasizing that although pro se briefs are construed liberally, pro se parties must still brief the issues and reasonably comply with FED. R. APP. P. 28(a)). Issues not adequately argued in the body of the brief are deemed abandoned. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). By failing to challenge the district court's determination or to identify any error in the district court's reasoning regarding her claims for relief, Carter has abandoned her claims on appeal. *See id.*; *Brinkmann*, 813 F.2d at 748 (noting that the failure to identify any error in the court's analysis is the same as if the appellant had not appealed the judgment).

The judgment of the district court is AFFIRMED.